### In re PHILADELPHIA & W. RY. CO.

### No. 18014.

District Court, E. D. Pennsylvania.

July 29, 1943.

issue were reduced to $500,000 and carried a fixed obligation to pay interest and sinking fund provisions.

The debtor's view is that it is desirable that the bond issue be as large as is consistent with sound financing, in order to mitigate income and excess profits taxes, and that, inasmuch as the old bondholders are the only parties affected by the plan, if they should be satisfied with the new interest provisions no more should be required.

Underlying the position taken by the Securities and Exchange Commission is the thought that public investors who may purchase the securities of the reorganized company should have greater assurance of regular income upon their investment than is given by the proposed plan. Such assurance, the Commission suggests, could be given by placing upon the reorganized company a fixed obligation to pay interest, and by making the bond issue small enough to make it practically certain that the company will always be able to meet it.

The statute directs the court to enter an order approving the plan if in his opinion it complies with the statutory provisions and is fair and feasible. The discretion thus given is not absolute. If the Judge finds that the plan meets these requirements he may not withhold approval. Whether or not a better plan could be evolved is not the determining factor for him. That question is for the parties affected by the plan to decide for themselves.

The Supreme Court in several recent decisions has given an authoritative definition of "feasible" as used in the statute. A plan is feasible if it does not provide for an excessive capital structure, if it gives the new company a reasonable prospect for survival, and if the net earnings which the new company may reasonably anticipate over the indefinite future will be sufficient to meet the interest and dividend requirements of the new securities to be issued.

As there are no fixed interest and dividend requirements in the proposed plan for the reorganized company it may be taken that the last requirement of feasibility is met, and it follows that the plan gives the company a reasonable prospect for survival.

Whether or not the plan provides for an excessive capital structure is to be determined by a number of factors, the

Thomas Reath, of Philadelphia, Pa., for debtor.

George Zolotar, Chief, Reorganization Unit Securities & Exchange Commission, of New York City, for Securities & Exchange Commission.

KIRKPATRICK, District Judge.

The Plan of Reorganization, filed by the debtor, complies with the provisions of 11 U.S.C.A. § 616, section 216 of the Bankruptcy Act, and all parties in interest, including the Securities and Exchange Commission, are in agreement that it is fair.

The Securities and Exchange Commission in its advisory report states that it believes that the plan is not feasible. Its chief objection is to the amount and interest provisions of the proposed bond issue. The plan provides for bonds in the amount of $1,057,300, upon which interest is to be paid only if earned. The Commission suggests that the plan would be feasible if the bond

most important of which is an estimate of future earning capacity. That estimate, of course, cannot carry certainty. It "must be based on an informed judgment which embraces all facts relevant to future earning capacity and hence to present worth, including, of course, the nature and condition of the properties, the past earnings record, and all circumstances which indicate whether or not that record is a reliable criterion of future performance." In the present case the estimate of future earning probabilities presented by the debtor in the testimony of Dr. Conway, its president, is such an estimate, and I accept it as reasonably reliable ground upon which I find that the capital structure provided for in the proposed plan is not excessive. So holding, it follows that in the opinion of the court the plan is feasible, and an order approving it and transmitting it to creditors may be presented.